# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

KIMBERLEE SWARTZ,

    Plaintiff,

v.

OFFICER HARMANPREET SINGH,

    Defendant.

Civil Action No. TDC-18-3239

## MEMORANDUM OPINION

Plaintiff Kimberlee Swartz, an inmate at the Maryland Correctional Institution for Women ("MCIW") in Jessup, Maryland, has filed a Complaint alleging that Defendant Correctional Officer Harmanpreet Singh engaged in improper sexual contact with her, sprayed her with mace, and forcefully pushed her in the shower. Before the Court is Singh's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Also pending are Singh's Motion to Strike Exhibits, Swartz's Motion for Appointment Counsel, and Swartz's Motion for Case Management Action. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Singh's Motion to Strike Exhibits will be granted in part and denied in part; Singh's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a Motion for Summary Judgment, will be denied; Swartz's Motion for Appointment of Counsel will be granted; and Swartz's Motion for Case Management Action will be denied.

## BACKGROUND

Swartz, an inmate residing in the Mental Health Unit at MCIW, alleges that on October 27, 2017, between approximately 12:45 p.m. and 2:00 p.m., Singh took her into the shower in the

Mental Health Unit, opened her clothing, and touched her breast. When she screamed for help, he sprayed mace in her face, called her a "fuckin[g] bitch," and pushed her into the shower, causing her to hit her head against the wall. Swartz Decl. ¶ 2, Opp'n Mot. Summ. J. ("Opp'n") Ex. 4, ECF No. 21-2. According to Swartz, Correctional Officer II Veronica Taylor and Lt. David Sieracki were present and witnessed the assault.

On October 30, 2017, Swartz reported the incident, pursuant to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §§ 15601–15609 (2012), to Mayowa Ogundiyun, a mental health professional at MCIW. Swartz told Ogundiyun that prior to the incident, she had rubbed feces on the window of her cell because she was upset that nursing staff had not provided her with diapers in time. According to Sabrina Shank, an inmate whose job was to assist with clean up, Taylor directed her to provide cleaning supplies to Swartz to clean her cell. Taylor then directed Singh to take Swartz to the shower while Shank cleaned the cell. It was at that point that, according to Swartz, the assault occurred. In a declaration, Shank has corroborated Swartz's account by stating that after Singh took Swartz to the shower area, she heard Swartz scream and tell Singh, "Why are you touching me, leave me alone, get away from me," and she smelled mace. Shank Decl. ¶ 5, Opp'n Ex. 2, ECF No. 21-2. According to Swartz, on October 31, 2017, she reported the incident to Warden Chippendale and asked her to review the video coverage.

Swartz asserts that Singh received a reprimand for the incident. According to the declarations of six other inmates, Singh has assaulted or threatened other female inmates in the past, and these six inmates have collectively described three specific incidents.

For his part, Singh denies Swartz's allegations. According to Singh, he has never assaulted Swartz or any other inmate physically or sexually. He also denies that he was reprimanded for the incident. Other correctional officers corroborate Singh's account. Taylor denies Swartz's

2

allegation that she asked Singh to escort Swartz to the shower on October 27, 2017 and states that she has never asked a male officer to escort an inmate to the shower. Likewise, Sieracki asserts that he did not witness an assault by Singh on Swartz in the shower area of the Mental Health Unit that day. Correctional Officer Tameka Johnson, who was working in the Mental Health Unit on October 27, 2017, asserts in a declaration that she did not allow male officers on the Mental Health Unit at MCIW that day or on any other date. According to Singh, Taylor, Sieracki, and Johnson, prison policy prohibits male correctional officers from working in the Mental Health Unit at MCIW or escorting female inmates to the shower. However, Swartz has submitted declarations from five different inmates stating that they have seen male correctional officers, including Singh, working in or visiting the Mental Health Unit on multiple occasions.

In June 2018, Swartz sent a letter to the United States Marshals Service stating that she had been sexually assault by MCIW correctional staff. As a result of that letter, the Intelligence and Investigation Division ("IID") of the Maryland Department of Public Safety and Correctional Services opened an investigation into her allegations. The investigator, Detective Paul Owens, interviewed Swartz on June 29, 2018. Swartz described the October 27, 2017 incident and a different alleged assault. According to Owens, during a follow-up interview on November 7, 2018, Swartz admitted that she was not actually assaulted. Swartz denies making such a statement to Owens.

Although Swartz informed Owens of another inmate, Sherry Knott, who was a possible witness, that inmate had already been released from imprisonment and could not be located. Owens interviewed Sieracki, but he did not interview Singh because he invoked his *Miranda* rights. Owens also reviewed Swartz's infraction history. Owens could not locate any video recordings of the incident. In February 2019, Owens requested that the investigation be closed.

On October 18, 2018, Swartz filed her Complaint against Singh in this Court. With her Complaint, Swartz attached an Application for Statement of Charges, dated July 2, 2018, which she completed in order to file a criminal complaint against Singh in the District Court of Maryland for Anne Arundel County, but which appears not to have been filed. In the Complaint, Swartz does not identify any specific statutory or constitutional claim, but she states that as relief, she wants to press charges for sexual assault against the "other 2 officers involved and against Warden Chippendale [of] MCIW for covering the assault up." Compl. at 3, ECF No. 1. Swartz also asks that she be transferred to another prison. Because self-represented complaints are to be construed liberally, and because a civil plaintiff may not obtain, as relief, a criminal prosecution against another individual, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court construes the Complaint as a civil rights claim under 42 U.S.C. § 1983 alleging excessive force in violation of the Eighth Amendment to the United States Constitution.

## DISCUSSION

In his Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Singh seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56 on the grounds that the Complaint fails to state a plausible claim for relief and that there is no genuine issue of material fact such that he is entitled to judgment as a matter of law. Although Singh argues that violations of state policies, procedures, and regulations do not establish a constitutional claim, the Court does not read the Complaint as seeking such relief and thus does not address this issue. The Court also declines to address Singh's argument regarding the unavailability of injunctive relief as premature.

I. **Legal Standards**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Where, as here, the parties have both submitted evidence outside of the original pleadings for the Court's review, the Court may consider the exhibits only if it converts the Motion into one seeking summary judgment. *See* Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Here, the notice requirement has been satisfied by the title of Singh's Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or an equivalent filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*,

5

302 F.3d 214, 245 (4th Cir. 2002). In her Motion for Appointment of Counsel and Motion for Case Management Action, Swartz has asked for assistance to obtain additional documents and evidence to prove her case and noted that she has requested any relevant video recordings from the date of the incident. However, the record reveals that the IID investigator tried but failed to find any such video recordings, and Swartz has not filed a Rule 56(d) affidavit or argued that she requires discovery before the Motion may be resolved. Rather, she has attached numerous declarations in support of her position and has asked for summary judgment in her favor. Under these circumstances, the Court will construe the Motion as a Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the motion, the Court views the facts in the light most favorable to the nonmoving party, "with all justifiable inferences" drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.*

## II.     Motion to Strike

As a preliminary matter, Singh has moved to strike certain exhibits attached by Swartz to her memorandum in opposition to Singh's Motion ("Opposition"). Specifically, Singh asks the Court to strike Swartz's Exhibits 3, 4, 7, 13–15, 17–23, 25–27, and 29. Singh argues that these exhibits violate Federal Rule of Civil Procedure 56(c) in that they have neither been presented in

affidavit form nor verified in any manner, or they cannot be presented in a form that would be admissible as evidence. Fed. R. Civ. P. 56(c)(2), (4).

Under Rule 56(c), an affidavit or declaration supporting a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A declaration may be accepted even if unsworn if it is signed with the certification that it is "true under penalty of perjury." 28 U.S.C. § 1746 (2012). A court may not rely on inadmissible hearsay when deciding a motion for summary judgment. *See Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991). Thus, a court may strike portions of affidavits or declarations that are not based on personal knowledge, contain hearsay, are irrelevant, or rest on conclusory statements. *See Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Contracts Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 164 F. Supp. 2d 520, 527 (D. Md. 2001).

In opposing the Motion to Strike, Swartz states that she has "no objection" to striking Exhibits 4, 7, 13, 14, and 27, most likely because none of those exhibits, as originally submitted, met the requirements for an affidavit or declaration. Opp'n Mot. Strike 1, ECF No. 35. The Court will therefore treat Swartz's Exhibits 7, 13, 14, and 27 as withdrawn. Exhibit 4, however, consists of Swartz's own declaration, which the Court does not believe Swartz intended to withdraw. In the Motion to Strike, Singh requested that it be stricken because it was not submitted under oath. Though that was true at the time, Swartz has since corrected that error by submitting the missing last page in a supplemental filing, ECF No. 22, in which she certified that her statements were made under penalty of perjury. Exhibit 4 will not be stricken.

7

As for the other exhibits, Singh argues that some are inmate correspondence that do not meet the requirements of an affidavit or declaration, that others are inadmissible hearsay, and that others, specifically Exhibits 3, 17-23, 25-26, and 29, are irrelevant to the resolution of the Motion. Swartz argues that Exhibits 3, 25, and 26 are declarations that establish that male correctional officers actually work in the mental health unit and are relevant because Singh has offered evidence that male correctional officers are not permitted to work in that unit. Swartz asserts that Exhibits 17–19, 21–23, 25, and 26 are declarations under oath that show that Singh has previously assaulted or threatened female inmates and are therefore relevant. Swartz also states that Exhibit 29, a letter and report from the nonprofit organization Disability Rights Maryland, demonstrates that MCIW officers are not properly trained to interact with inmates who suffer from mental illness.

Upon review of the exhibits, the Court will strike Exhibit 15, a July 9, 2017 letter from MCIW inmate Sabrina Shank to Commissioner of Correction Stephen T. Moyer because it is not in declaration form in that it is not certified as made under penalty of perjury. For the same reason, the Court will also strike Exhibit 29, a January 8, 2019 letter from Disability Rights Maryland to Swartz regarding the conditions at MCIW.

However, the Court will not strike the remaining exhibits at issue. Exhibits 17, 18, 19, 20, 21, and 22 are declarations by MCIW inmates stating that they witnessed acts of violence or assaults by Singh against other MCIW inmates between August 2018 and January 2019. Although Singh argues that other alleged incidents are irrelevant to the resolution of this case, this position is inconsistent with the fact that he has attached to his Motion documents collected during the IID investigation relating to separate incidents of alleged misconduct by Swartz. Where these declarations provide information about incidents that may be relevant to Singh's state of mind, the Court will not strike them.

Exhibits 3, 23, 25, and 26 are declarations by MCIW inmates in which they state that they have observed male correctional officers working in the Mental Health Unit. In some of these exhibits, inmates state that they have seen Singh working in that unit and physically touching or threatening inmates. Where Singh has offered evidence that male correctional officers are not permitted to work in the Mental Health Unit in order to support his claim that he was not alone with Swartz in that unit, these declarations are relevant and will not be stricken.

In summary, Singh's Motion to Strike will be granted as to Swartz's Exhibits 15 and 29, and Exhibits 7, 13, 14, and 27 are deemed withdrawn. The Motion is denied as to the remaining challenged exhibits.

Relatedly, Swartz asserts in her Opposition that Singh's declarations are submitted in bad faith, pursuant to Federal Rule of Civil Procedure 56(h). At this stage of the case, it is premature to assess whether declarations were submitted in bad faith and thus subject to sanctions. *See* Fed. R. Civ. P. 56(h). The Court will make no finding regarding Singh's declarations and exhibits and thus may consider them in resolving the pending dispositive Motion.

### III. Eighth Amendment

Because Swartz is an inmate alleging excessive force occurring in a prison, her § 1983 claim arises under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish an Eighth Amendment violation, an inmate must establish both that (1) the injury or deprivation inflicted was objectively serious enough to constitute a

violation; and (2) the prison official subjectively "acted with a sufficiently culpable state of mind." *Williams*, 77 F.3d at 761.

On the objective element, a party asserting an Eighth Amendment excessive force claim must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). However, an Eighth Amendment violation can occur even if a correctional officer's action did not cause serious injury. *Id.* at 38 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The extent to which injuries are modest is accounted for in the award of damages. *See Wilkins*, 559 U.S. at 40.

On the subjective element, an inmate must show that correctional officers applied force "maliciously or sadistically for the very purpose of causing harm" and thus "inflicted unnecessary and wanton pain and suffering," rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In assessing this element, a court should consider "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat;" and "(4) any efforts made to temper the severity of a forceful response." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321).

Here, Swartz has submitted a declaration stating that on October 27, 2017, Singh sexually attacked her in the Mental Health Unit. Specifically, she asserts that he took her into the shower,

opened her smock, and touched her breast, then used mace against her when she screamed for help. She states that he then called her a "fuckin bitch" and pushed her into the shower, causing her to hit her head against the wall. Swartz Decl. ¶ 2. If true, this conduct could be deemed to have been force applied "maliciously or sadistically for the very purpose of causing harm," not "a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6. Swartz's account is corroborated by the declaration of Sabrina Shank, an inmate who was working in the Mental Health Unit, who states that she saw Taylor tell Singh to take Swartz to the shower, then heard Swartz yelling "why are you touching me, leave me alone, get away from me" as she screamed for help. Shank Decl. ¶ 5. Shank heard Singh call Swartz a "fucking bitch" as she was crying. *Id.* Shank also smelled mace. Swartz's account is also consistent with the statement she made on October 30, 2017 to a mental health professional pursuant to the Prison Rape Elimination Act ("PREA").

For his part, Singh has submitted his own declaration in which he denies this conduct and notes that male correctional officers are not permitted to work in the Mental Health Unit at MCIW or to escort female inmates to the shower in any unit. His account is corroborated by declarations of Taylor and Sieracki, both of whom, according to Swartz, witnessed the incident. Taylor states that she did not ask Singh to escort Swartz into the shower, and Sieracki denies witnessing such an incident. Both confirm that male correctional officers are not allowed to work in the Mental Health Unit or escort female inmates to the shower. Johnson, who was working in the Mental Health Unit that day, denies allowing any male officers into the unit on that day or any day.

Where the parties have offered contradictory evidence on the key facts, there are genuine issues of material fact that preclude summary judgment, as such disputes are to be resolved by the factfinder. *See Tolan v. Cotton*, 572 U.S. 650, 659–60 (2014). Specifically, Swartz's account of the sexual assault, as corroborated by Shank, creates a genuine dispute of material fact with Singh's

11

denial. Moreover, Shank's account contradicts Taylor's assertion that she did not direct Singh to take Swartz to the shower. More broadly, where Singh relies significantly on his statement, corroborated by other officers, that male correctional officers are not permitted to work in the Mental Health Unit, Swartz has offered several declarations by inmates asserting that regardless of policy, they have seen male correctional officers, including Singh, working in the unit on numerous occasions. Thus, there are material factual disputes that preclude summary judgment.

The IID investigation does not alter this conclusion. Although Detective Owens concluded that the allegations were unfounded, his investigation largely consisted of an interview of Swartz, an interview of Sieracki, a review of records showing prior infractions by Swartz, and confirmation that there was no available video of the incident. He did not interview Singh, who invoked his *Miranda* rights on advice of counsel, and he was unable to locate Knott, who had been released from custody. Moreover, while Owens appears to have gathered information about Swartz's prior infractions and claims of sexual assault, he does not appear to have obtained information on any prior incidents of assault by Singh. Where Owens did not have the declarations submitted by Swartz to this Court, which corroborate Swartz's account of the assault, attest to the presence of male correctional officers in the Mental Health Unit, and describe prior incidents of assaults on female inmates by Singh, the conclusion of the IID report is not dispositive. While Owens relied in part on his assertion that during his interview of Swartz on November 7, 2018, she acknowledged that no assault had occurred, she has now submitted a declaration denying making such a statement and confirming her original account of the assault, an account which she gave in a PREA report only three days after the alleged incident. Where this difference is another genuine dispute of material fact, and the Court must view the evidence in the light most favorable to Swartz,

summary judgment is not appropriate. *See Tolan*, 572 U.S. at 660. Accordingly, the Court will deny Singh's Motion for Summary Judgment.

## IV. Remaining Motions

Because Swartz, as an incarcerated plaintiff, is not in a position to conduct discovery or otherwise advance this case beyond the present stage without counsel, the Court will grant Swartz's Motion for Appointment of Counsel. As Swartz will be represented by counsel in her efforts to obtain discovery, her Motion for Case Management Assistance to obtain evidence and documents will be denied.

## CONCLUSION

For the foregoing reasons, Singh's Motion to Strike Exhibits will be GRANTED IN PART and DENIED IN PART; Singh's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment will be DENIED; Swartz's Motion for Appointment Counsel will be GRANTED; and the Swartz's Motion for Case Management will be DENIED. A separate Order shall issue.

Date: September 12, 2019

THEODORE D. CHUANG
United States District Judge